# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUDI OF AMERICA, INC.,** | : | Civil No. 3:16-CV-2470 |
| | : | |
| Plaintiff | : | **(Judge Jones)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **BRONSBERG & HUGHES PONTIAC,** | : | |
| **INC. d/b/a WYOMING VALLEY** | : | |
| **AUDI,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I.  Factual Background

On December 13, 2016, Audi of America, Inc., ("Audi") brought a breach of contract action, alleging that Defendant Bronsberg & Hughes Pontiac, Inc., d/b/a Wyoming Valley Audi ("Wyoming Valley") breached certain terms of an Audi Dealer Agreement into which the parties entered on January 1, 1997, when it entered into an Asset and Real Estate Purchase Agreement (the "Purchase Agreement") with the Napleton Group. Audi alleged that this Purchase Agreement between Wyoming Valley and the Napleton Group, which was signed on July 11, 2016, included the sale of Wyoming Valley's Audi assets in violation of Audi's own right of first refusal and its right to refuse to consent to the transaction on

reasonable grounds. (Doc. 1.) In January of 2017, Audi sought, and obtained, a preliminary injunction from the district court temporarily enjoining Wyoming Valley and Napleton from consummating this asset purchase agreement while this litigation was pending. (Doc. 30.) That order currently remains in effect, but is now the subject of an array of competing motions filed by the parties.

These motions include a motion to dismiss this action, and preliminary injunction, filed by the defendants (Doc. 42.); a motion to intervene, filed Napleton, the other participant in this asset purchase agreement (Doc. 52.); and a motion filed by Audi for rule to show cause why various parties and non-parties should not be held in contempt for allegedly violating the terms of the district court's preliminary injunction (Doc. 65.). These motions, in turn, have inspired further motions practice, as Audi issued subpoenas to a number of non-party witnesses, seeking to compel their appearance and attendance at the contempt proceedings which Audi has initiated before this court. Some of these subpoenaed witnesses have moved to quash the outstanding subpoenas served upon them. (Docs. 106, 108, and 136.) On April 21, 2017, these motions to quash were referred to the undersigned for resolution. (Doc. 142.)

One of these motions to quash has been filed on behalf of William Hughes. (Doc. 106.) With respect to Mr. Hughes the currently uncontested facts (Doc. 106-2.) are as follows: Hughes is an independent contractor who resides in Brighton,

Utah, far beyond 100 miles from the Middle District of Pennsylvania. Hughes is a part owner and board member of Bronsberg & Hughes Pontiac, Inc., but plays no role in the day-to-day management or operations of this company. Instead, Mr. Hughes' involvement in this business has been limited to traveling to Kingston, Pennsylvania once a year for annual board meetings, a practice he engaged in from approximately 2007 through 2015. According to Hughes he has not visited Pennsylvania since 2015, and does not otherwise reside, work or regularly transact business in person in Pennsylvania or its immediate environs. (*Id.*)

Given this factual recital, Hughes seeks to quash the subpoena served upon him by Audi. Hughes filed this motion to quash on March 31, 2017. (Doc. 106.) Audi has not responded to this particular motion to quash and the time for responding to this motion has now passed.[1] Therefore, in the absence of a response from Audi this motion to quash will be deemed ripe for resolution.

For the reasons set forth below, the motion to quash will be granted.

**II.    Discussion**

Several basic guiding principles inform our resolution of the instant motion to quash. At the outset, "[r]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not

---

[1] It should be noted that Audi has timely opposed motions to quash filed by other individuals who have been subpoenaed in this case. (Docs. 130, 131.) These motions will be addressed separately by the Court.

parties to the underlying lawsuit. Fed.R.Civ.P. 45. A subpoena under Rule 45'must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1).' *OMS Invs., Inc. v. Lebanon Seaboard Corp.,* No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc*, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding whether to enforce compliance with subpoenas, where " '[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.' *Guinan v. A.I. duPont Hosp. for Children,* No. 08–228, 2008 WL 938874, at *1 (E.D.Pa. Apr.7, 2008) (quoting *Marroquin–Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir.1983))." *Coleman-Hill v. Governor Mifflin School Dist.*, 271 F.R.D. 549, 552 (E.D.Pa. 2010).

Rule 45 also provides geographical limitations on the reach of the court's subpoena power and prescribes guidance for the court to follow when it considers subpoenas which transgress these geographic boundaries. Under Rule 45(d) "[o]n

4

timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *see generally Havens v. Maritime Commc'ns/Land Mobile, LLC*, Civ. No. 11-993 (KSH) (CLW), 2014 WL 2094035, at *3 (D.N.J. May 20, 2014) (granting motion to quash trial subpoenas that "would, if enforced, violate the geographical limits set out in Rule 45(c)(1)"). In turn, Rule 45(c)(1) provides that a subpoena may not compel a person to attend a hearing outside of the following geographical limits: "(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides is employed or regularly transacts business in person, if the person (i) is a party or a party's officer . . . ." Fed. R. Civ. P. 45(c)(1); *see Havens*, 2014 WL 2094035, at *3("'[W]hether an officer of a party or not, under Rule 45(c) a person cannot be compelled to travel more than 100 miles to attend at trial if the place of trial is not in the state where the witness resides, is employed, or regularly transacts business in person.'"). Where a subpoena has been served upon a witness who resides, works, and transacts business beyond the 100 miles limit prescribed by Rule 45, we have not hesitated to quash that subpoena in the past. *Richardson v. Cuccinello,* No. CIV.A. 3:CV-09-1543, 2009 WL 4280735, at *2 (M.D. Pa. Nov.

30, 2009)(quashing subpoena served upon a North Carolina witness in a proceeding conducted in the Middle District of Pennsylvania).

In this case William Hughes has represented, without contradiction by Audi, that he lives and works in Utah, far beyond the 100 mile territorial limits prescribed by Rule 45 for valid enforcement of a subpoena issued by this court. Mr. Hughes also represents that, while he is a part owner of defendant Bronsberg, he does not manage its daily affairs and operations, and his sole contact with this district has been limited to attending annual board of directors meetings from approximately 2007 through 2015. However, according to Mr. Hughes he has not set foot in Pennsylvania or its immediate environs since 2015. Hughes has also denied, without any meaningful contradiction by Audi, that he has resided in, been employed in or regularly transacted business in person in the Middle District of Pennsylvania.

On these undisputed facts, Hughes is entitled under Rule 45 to quash this subpoena. Indeed, by declining to oppose this motion or defend its subpoena, Audi may be deemed under the local rules of this court to not oppose this motion to quash. Local Rule 7.6 of the rules of this court imposes an affirmative duty on Audi to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the

motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

Here Audi has not responded to this particular motion to quash. Therefore, Audi may be deemed not to oppose the motion, and since Rule 45 seems to indicate that Mr. Hughes falls beyond the legitimate reach of the court's subpoena power, this motion to quash will be granted.

### III. Order

AND NOW, this 25th day of April, 2017, IT IS ORDERED that the motion to quash the subpoena served upon Williams Hughes, (Doc. 106.), is GRANTED.

*S/Martin C. Carlson*  
Martin C. Carlson  
United States Magistrate Judge