# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUDI OF AMERICA, INC., | : | Civil No. 3:16-CV-2470 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| BRONSBERG & HUGHES PONTIAC, INC. d/b/a WYOMING VALLEY AUDI, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I. Factual Background

On December 13, 2016, Audi of America, Inc., ("Audi") brought a breach of contract action, alleging that defendant Bronsberg & Hughes Pontiac, Inc., d/b/a Wyoming Valley Audi ("Wyoming Valley") breached certain terms of an Audi Dealer Agreement into which the parties entered on January 1, 1997, when it entered into an Asset and Real Estate Purchase Agreement (the "Purchase Agreement") with the Napleton Group. Audi alleged that this Purchase Agreement between Wyoming Valley and the Napleton Group, which was signed on July 11, 2016, included the sale of Wyoming Valley's Audi assets in violation of Audi's own right of first refusal and its right to refuse to consent to the transaction on

reasonable grounds. (Doc. 1.) In January of 2017, Audi sought, and obtained, a preliminary injunction from the district court temporarily enjoining Wyoming Valley and Napleton from consummating the Purchase Agreement while this litigation was pending. (Doc. 30.) That order currently remains in effect, but is now the subject of an array of competing motions filed by the parties.

These motions include a motion filed by Napleton to quash certain third-party subpoenas *duces tecum* issued by Audi to an array of non-party corporate entities. (Doc. 136.) In this motion Napleton, which has now been granted leave to intervene in this action, asserted that the third-party subpoenas were harassing and went beyond the proper scope of civil discovery. Notably, while Napleton lodged these objections, it does not appear that any of the subpoenaed third parties have moved to quash these subpoenas.

Audi opposes this motion to quash third party subpoenas, arguing that Napleton lacks standing to object to the subpoenas which are not directed to it. (Doc. 156.) For the reasons set forth below, we agree and will deny this motion to quash.

**II. <u>Discussion</u>**

Several basic guiding principles inform our resolution of the instant motion to quash. At the outset, "[r]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not

parties to the underlying lawsuit. Fed.R.Civ.P. 45. A subpoena under Rule 45'must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1).' *OMS Invs., Inc. v. Lebanon Seaboard Corp.,* No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc*, 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding whether to enforce compliance with subpoenas, where " '[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.' *Guinan v. A.I. duPont Hosp. for Children,* No. 08–228, 2008 WL 938874, at *1 (E.D.Pa. Apr.7, 2008) (quoting *Marroquin–Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir.1983))." *Coleman-Hill v. Governor Mifflin School Dist,.* 271 F.R.D. 549, 552 (E.D.Pa. 2010).

Considerations of standing also define our role in this field, particularly when a party like Napleton seeks to quash a subpoena issued to some non-party

witness who has not independently objected to that subpoena. In this factual setting, we have been clear that:

> Generally speaking, "a party does not have standing to quash a subpoena served on a third party." *Castle v. Crouse*, 2004 U.S. Dist. LEXIS 9950, at *3 (E.D. Pa. May 25, 2004)(*citing Thomas v. Marina Assocs.,* 202 F.R.D. 433, 434 (E.D. Pa. 2001) (further citations omitted). *See also* 9a Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2459 (2d ed. 1987). If, however, a party claims a property right or privilege in the subpoenaed documents, then an exception to this general rule may arise and provide that individual or entity with standing. *See id. See also Parker v. Learn the Skills Corp.,* 2004 U.S. Dist. LEXIS 21498 (E.D. Pa. Oct. 25, 2004).

<u>Fiorentino v. Cabot Oil & Gas Corp.</u>, No. 3:09-CV-2284, 2012 WL 12861600, at *4 n. 1 (M.D. Pa. Jan. 6, 2012). *See e.g., Malibu Media, LLC v. Doe*, No. 4:15-CV-2281, 2016 WL 524248, at *1 (M.D. Pa. Feb. 10, 2016); *Moyer v. Berdanier*, No. 3:CV-11-1811, 2013 WL 704483, at *3 (M.D. Pa. Feb. 26, 2013)..

In our view this settled principle controls here, and compels us to deny this motion to quash. As a party-intervenor in this lawsuit, Napleton generally has no standing to object to third-party subpoenas like those issued here by Audi. This general rule admits of one limited exception where a party claims a property right or privilege in the subpoenaed documents. However, Napleton has not alleged, or shown, that this narrow exception to the general standing rules governing Rule 45 subpoenas has any application here. In the absence of such a showing, we will deny this motion to quash.

An appropriate order follows:

### III. Order

AND NOW, this 17th day of May, 2017, IT IS ORDERED that Napleton's Motion to Quash Third Party Subpoenas (Doc. 136.) is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge