## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDI OF AMERICA, INC. An Organizational Unit of Volkswagen Group of America, Inc., A New Jersey Corporation, <br><br>       Plaintiff/Counterclaim-Defendant, <br><br>       v. <br><br> BRONSBERG & HUGHES PONTIAC, INC. d/b/a WYOMING VALLEY AUDI, a Pennsylvania Corporation, <br><br>       Defendant, <br><br>       and <br><br> NORTH AMERICAN AUTOMOTIVE SERVICES, INC., an Illinois Corporation; NAPLETON WYOMING VALLEY IMPORTS, LLC, an Illinois Limited Liability Company; MILLENNIUM HOLDINGS, IV, LLC, a Pennsylvania Limited Liability Company; NAPLETON INVESTMENT PARTNERSHIP, LP, an Illinois Limited Partnership; and EFN WYOMING VALLEY PROPERTIES, LLC, an Illinois Limited Liability Company, <br><br>       Intervenor-Defendants/       Counterclaim-Plaintiffs. | Case No. 3:16-cv-02470-JEJ-MCC <br><br><br> **DECLARATION OF** <br> **DAVID N. WYNN, ESQ.** |

     I, David N. Wynn, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner in the law firm of Arent Fox, LLP, attorneys for Intervenor-Defendants/Counterclaim-Plaintiffs in this action. I have personal knowledge of the information set forth herein, and submit this declaration in support of      Intervenor-Defendants/Counterclaim-Plaintiffs'      Opposition      to Plaintiff/Counterclaim-Defendant Audi of America, Inc.'s ("Audi") Motion to Dismiss North American Automotive Services, Inc.'s Counterclaims.

2.      Annexed hereto as Exhibit "A" is a true and correct copy of a letter dated September 29, 2017, from Brian Nash, Regional General Manager for Mazda North American Operations, to Bruce C. Etheridge, Chief Operating Officer of North American Automotive Services, Inc. d/b/a Napleton Automotive Group.

3.      Annexed hereto as Exhibit "B" is a true and correct copy of a letter dated May 22, 2017, from Sara M. Bernstein, Esq., counsel to Audi, to Robert L. Arangio, Esq., counsel to Defendant Bronsberg & Hughes Pontiac, Inc., d/b/a Wyoming Valley Audi.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 25, 2017

David N. Wynn, Esq.

# Exhibit A



*ZOOM-ZOOM*

CERTIFIED MAIL - RETURN RECEIPT REQUSTED

September 29, 2017

Mr. Bruce C. Etheridge
Napleton Automotive Group
One Oakbrook Terrace, Suite 600
Oakbrook Terrace, IL 60181

Dear Mr. Etheridge:

As you know, Mazda sent a letter to Wyoming Valley Mazda (the "Seller") rejecting the buy-sell proposal for insufficient information on September 13, 2017.   Mazda has not yet received anything from the Seller indicating that the package should be reopened.

However, it is clear from your September 15, 2017 letter that your Volkswagen situation is not fully resolved. Therefore, Mazda is advising you that before you and the Seller decide to submit a new proposal, you must resolve your situation with Volkswagen and Audi.   Mazda cannot review a proposal that has all types of various timelines and contingencies that may never happen.

If you choose to move forward with your package, you will need to resolve your Volkswagen situation and provide your commitment and clarity with respect to your Mazda sales and service operations as Mazda cannot have its operations housed in a facility with other brands that have a separate ownership and are not part of the Mazda entity.   Once your Volkswagen situation is resolved and if you desire for Mazda to reconsider the proposed ownership transfer, you and the Seller need to submit a new buy-sell application to Mazda which will require all new documents with terms and conditions that are acceptable to Mazda.

Please call with any questions that you may have.

Sincerely,

Brian Nash
Regional General Manager
Northeast Region
Mazda North American Operations

408 844 9731      49761

# Exhibit B

# BARACK FERRAZZANO

Barack Ferrazzano Kirschbaum & Nagelberg LLP

Sarah M. Bernstein  |  T. 312.984.3226  |  sarah.bernstein@bfkn.com

May 22, 2017

<u>**VIA E-Mail**</u>

Robert L. Arangio
2000 Market St
Suite 1440
Philadelphia, PA 19103

Re:    <u>**Wyoming Valley Relocation Agreement**</u>

Dear Bob:

As you know, our firm represents Audi of America, Inc. ("AoA"). I am writing regarding the request made in July 2016 by your client, Bronsberg & Hughes Pontiac, Inc., d/b/a Wyoming Valley Audi ("Wyoming Valley"), to relocate its Audi dealership from its current location in Larksville, Pennsylvania to property located in Wilkes-Barre, Pennsylvania (the "Relocation Property").

Wyoming Valley made its relocation request to AoA on July 14, 2016. AoA thereafter conditionally approved that request. The parties documented AoA's conditional approval in a Relocation Agreement dated August 12, 2016 (the "Relocation Agreement"), which was executed by Wyoming Valley on August 16, 2016 and by AoA on September 12, 2016.

In the Relocation Agreement, the parties agreed that AoA's approval of the July 14, 2016 relocation request was based on representations, disclosures, and commitments made by Wyoming Valley, as well as by its representatives and affiliates, in submitting the relocation request.

As a result of the parties' ongoing litigation, AoA recently has learned that Wyoming Valley knowingly, purposefully, and intentionally made material misrepresentations to it in connection with its July 14, 2016 relocation request, and that Wyoming Valley and the Napleton Automotive Group knowingly, purposefully, and intentionally have engaged in other deceptive and improper conduct relating to the proposed relocation. Among other things:

- As a result of discovery responses provided by Wyoming Valley within the last 75 days, AoA has learned that Wyoming Valley, at the time of the July 14, 2016 relocation request, knowingly, purposefully, and intentionally concealed from AoA the fact that it had entered into an Asset Purchase Agreement ("APA") to sell its Audi dealership to the Napleton Automotive Group, and engaged in such deceptive conduct at the direction of and in cooperation with the Napleton Automotive Group. (*See* Group Exhibit 1.)

# BARACK FERRAZZANO

Barack Ferrazzano Kirschbaum & Nagelberg LLP

Page 2

- As a result of discovery responses provided by Wyoming Valley within the last 75 days, AoA has learned that Wyoming Valley, in December 2016, knowingly, purposefully, and intentionally concealed from AoA the fact that its owners had transferred their membership interests in the entity that owns the Relocation Property to the Napleton Automotive Group (thereby transferring the Relocation Property to the Napleton Automotive Group), while thereafter representing under oath that Wyoming Valley's Audi business continued to include the Relocation Property. (*See* Exhibit 2.)

- As a result of a supplemental interrogatory answer provided by Wyoming Valley on May 12, 2017, AoA has learned that Wyoming Valley, in October 2016, knowingly, purposefully, and intentionally concealed from AoA an oral "side agreement" to reduce the overall "blue sky" price for the transaction set forth in the APA by $1.25 million, and thereafter failed to disclose that "side agreement" even when it purported to provide AoA with a breakdown of the Audi terms of the transaction in November 2016 and even when it initially responded (under oath) in January 2017 to AoA's interrogatory asking Wyoming Valley to disclose all "side agreements" associated with the APA. (*See* Exhibit 3.)

Because AoA's contingent approval of Wyoming Valley's July 14, 2016 relocation request was based on material misrepresentations that Wyoming Valley made to it, AoA now is rescinding its conditional approval of the July 14, 2016 relocation request.

AoA is not absolutely withholding its consent to a relocation by Wyoming Valley of its Audi dealership. AoA is willing to accept and consider a new request from Wyoming Valley to relocate its Audi dealership, including to the Relocation Property.

Please be advised, however, that for AoA to be able to grant its consent to any new relocation request, the request would need to be accompanied by full, complete, and accurate disclosures and would need to fully rectify the misrepresentations associated with Wyoming Valley's July 14, 2016 request to relocate and the deceptive and improper conduct of Wyoming Valley and the Napleton Automotive Group relating to the proposed relocation. This would require that the improper dealings and transactions between Wyoming Valley and Napleton be unwound.

AoA reserves all of its rights or remedies as to the above-referenced litigation and the other matters discussed in this letter.

Sincerely,

Sarah M. Bernstein

Attachments

# GROUP EXHIBIT 1

| **From:** | Charles Phillips <cphillips1962@gmail.com> |
| **Sent:** | Tuesday, July 19, 2016 8:02 PM |
| **To:** | Robert Arangio <Rarangio@arangiogeorge.com> |
| **Cc:** | les@napleton.com; Steve Ubaldini <steveu@wyomingvalleymotors.com> |
| **Subject:** | Re: Napleton/Wyoming Valley |

Bob, we are very close to securing the Audi facility approval so we are going to wait 1 maybe 2 more days to secure it. We will keep you posted.

On Jul 19, 2016, at 3:25 PM, Robert Arangio <Rarangio@arangiogeorge.com> wrote:

> Charles,
>
> How are you?
>
> I need instructions as to when to submit the agreement to the manufacturers?
>
> Thanks,
>
> Bob
>
>
> Robert L. Arangio, Esquire
> ARANGIO & GEORGE, LLP
> 2000 Market Street, Suite 1440
> Philadelphia, PA 19103
> Telephone: 215-567-1999
> Fax: 215-567-8860
> RArangio@ArangioGeorge.com
> Joann@ArangioGeorge.com
>
>
> The information contained in this transmission, including attachment, may contain privileged and confidential information and protected by the attorney/client or other privilege. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original message. Receipt by anyone other than the intended recipient(s) is not a waiver of any privilege, including the attorney/client privilege.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**From:** Bruce Etheridge <bruce@napleton.com>
**Sent:** Thursday, July 21, 2016 1:39 PM
**To:** Steve Ubaldini <steveu@wyomingvalleymotors.com>
**Subject:** RE: WVM

I would hold off if I were you.   I really think Audi will require additional things on the new building (separate service as an example) if they know there is a buy sell.   Sending to any manufacturer will get back to them as all manufacturers have a somewhat incestuous relationship - with employees moving from one manufacturer to another all the time.  A week shouldn't matter.  Thanks.

How did you do in the outing last weekend?

Bruce



**NAPLETON DEALERSHIP GROUP**
Bruce C. Etheridge, CPA
Chief Operating Officer

One Oak Brook Terrace, Suite 600
Oakbrook Terrace, Illinois 60181
O: (630) 530-3955
C: (630) 918-3845
F: (630) 530-9981

*Acura, Aston Martin, Chrysler, Dodge, Honda, Hyundai, Infiniti, Jeep, Kia, Maserati, Mazda, Mitsubishi, Porsche, Ram,Toyota, Volkswagen*
*This message originates from Napleton Automotive Group. It contains information which may be confidential or privileged and is intended only for the individual or entity named above. It is prohibited for anyone else to disclose, copy, distribute or use the contents of this message. All personal messages express views solely of the sender, which are not to be attributed to Napleton Automotive Group and may not be copied or distributed without this disclaimer. If you received this message in error, Please notify us immediately at* support@napleton.com. *Thank you*

**From:** Steve Ubaldini [mailto:steveu@wyomingvalleymotors.com]
**Sent:** Thursday, July 21, 2016 8:35 AM
**To:** Bruce Etheridge
**Cc:** 'Charles Phillips'
**Subject:** FW: WVM

Hi Bruce,

I just received this from Audi. They need Urban Science to do a market study prior to approving our relocation. Mike tells me it's just a formality.

Do you still want to hold off on sending the APA to the manufacturers?

Thanks,
Steve

**From:** Brairton, Mike [mailto:Mike.Brairton@audi.com]
**Sent:** Thursday, July 21, 2016 8:53 AM
**To:** Steve Ubaldini <steveu@wyomingvalleymotors.com>
**Subject:** RE: WVM

We need to have a short form market study completed by Urban Science which has been requested and should be available by next week I anticipate.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

WV_0001211

**Michael Brairton**
Area General Manager - PA

Audi of America, Inc
300 Tice Blvd.
Woodcliff Lake, NJ  07677
United States of America
Wireless  +1 201.312.0837
Mail to:mike.brairton@audi.com
http://www.audiusa.com

 Summer of Audi Sales Event



**From:** Steve Ubaldini [mailto:steveu@wyomingvalleymotors.com]
**Sent:** Wednesday, July 20, 2016 2:45 PM
**To:** Brairton, Mike <Mike.Brairton@audi.com>
**Subject:** WVM

Hi Mike,

Any idea when our relocation letter will be sent?

Thanks,
Steve

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

**From:**      Charles Phillips <cphillips1962@gmail.com>
**Sent:**      Saturday, August 13, 2016 12:32 PM
**To:**        Steve Ubaldini <steveu@wyomingvalleymotors.com>
**Subject:**   Re: Please call me to discuss any questions

---

Do we need to wait for it to be signed in order to proceed?

Looks like we give up the bonus monies when we give them the APA.  Oh well.

Let me know what Bruce says.

On Aug 13, 2016, at 7:56 AM, Steve Ubaldini <steveu@wyomingvalleymotors.com> wrote:

> Sent from my iPad
>
> Begin forwarded message:
>
>> **From:** "Brairton, Mike" <Mike.Brairton@audi.com>
>> **Date:** August 12, 2016, 5:16:53 PM EDT
>> **To:** Steve Ubaldini <steveu@wyomingvalleymotors.com>
>> **Subject: Please call me to discuss any questions**
>>
>>
>> <[406A29]_Wyoming_Valley_Audi_Relocation_Agreement_20160812.pdf>
>>
>>
>> Michael Brairton
>> Area General Manager
>> Audi of America
>> 201-312-0837

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 2

Dennis George
Jeffrey Scafaria
Nicholas George
**ARANGIO & GEORGE, LLP**
2000 Market Street, Ste. 1440
Philadelphia, PA 19103
Phone: (215) 567-1999

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUDI OF AMERICA, INC.,** | **PLAINTIFF'S RESPONSES TO AUDI OF AMERICA'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| **Plaintiff,** | |
| **v.** | |
| **BRONSBERG & HUGHES PONTIAC, INC. d/b/a WYOMING VALLEY AUDI,** | **Case No: 3:16-CV-02470-JEJ** |
| **Defendant.** | |

### DEFENDANT'S RESPONSES TO AUDI OF AMERICA, INC.'S REQUESTS FOR INTERROGATORY RESPONSES

Defendant, Bronsberg & Hughes Pontiac, Inc. d/b/a Wyoming Valley Audi, (hereinafter "Defendant"), by and through undersigned counsel, hereby responds to Plaintiff Audi of America, Inc.'s (hereinafter "Plaintiff's") first request for the production of documents ("Document Request") as follows. As to objections only therein, Defendant's counsel has signed below.

.

Respectfully Submitted,

*/s/ Nicholas D. George*
Nicholas D. George, Esq.
**ARANGIO & GEORGE, LLP**

Dated:  1/30/2017

As it relates to 12(a), the request is overbroad and unbound in time. The request seeks information from non-parties and / or parties other than Defendant The request is beyond the scope of the Court's Order for limited discovery and the purpose of discovery sought is improper, as provided in the General Objections. Without waiver, the response to 12(a) is limited to non-privileged information in Defendant's possession, in connection with the operation of the Audi Business. Since the execution of the First Addendum to the APA, the answer is none.

As it relates to 12(b), the request is overbroad and unbound in time. The request seeks information from non-parties and / or parties other than Defendant. The request is beyond the scope of the Court's Order for limited discovery and the purpose of discovery sought is improper, as provided in the General Objections. Without waiver, the response to 12(b) is limited to non-privileged information in Defendant's possession, in connection with the operation and ownership of the Audi Business. Since the execution of the First Addendum to the APA, the answer is none. As it relates to Steve Ubaldini, the response to Request 8 is incorporated herein.

As it relates to 12(c), the request is overbroad and unbound in time. The request seeks information from non-parties and / or parties other than Defendant. The request is beyond the scope of the Court's Order for limited discovery and the purpose of discovery sought is improper, as provided in the General Objections. Without waiver, the response to 12(c) is limited to non-privileged information in Defendant's possession, in connection with the operation of the Audi Business or relocation of the Audi Business. Pursuant to Rule 33(d), the APA and relocation letter sets forth Defendant's understanding regarding the proposed relocation of the Audi Business.

## RESPONSES TO INTERROGATORIES (SECOND SET)

**Request No. 1:** Identify the following as of before execution of the First Addendum:

a.   The portion of the $17 million purchase price for Asset Sellers' Intangibles set forth in Paragraph 2.1 of the APA attributable to the proposed sale of each dealership included as part of the APA; and

b.   The terms of the APA associated with the sale of each dealership included as part of the APA, including, without limitation, (i) the portion of the real estate attributable to each dealership, (ii) the portion of the purchase price for real estate attributable to each

**Response:**

Defendant objects to the foregoing request. The request is beyond the scope of the Court's Order for limited discovery and the purpose of discovery sought is improper, as provided in the General Objections. Plaintiff's requests go beyond the permissible number of interrogatories including subparts.

The $17MM purchase price for the sale of all dealerships represented the purchase price of all

dealerships. There was no apportionment of the price of the dealerships under or prior to the APA. Pursuant to Rule 33(d), the real estate purchase price apportionment is set forth in the APA.

**Request No. 2:** Identify the following as of the date of these Interrogatories:

a.      The total purchase price for Asset Sellers' Intangibles;

b.      The portion of the total purchase price for Asset Sellers' Intangibles attributable to the proposed sale of each dealership included as part of the APA;
Response: See above

c.      The terms of the APA associated with the sale of each dealership included as part of the APA, including, without limitation, (i) the portion of the real estate attributable to each dealership, (ii) the portion of the purchase price for real estate attributable to each dealership, (iii) the portion of the structuring fee set forth in Paragraph 2.2 of the APA attributable to each dealership, and (iv) the portion of rights and entitlements arising from emissions- related litigation and/or governmental investigations of Volkswagen and Audi as set forth in Paragraph 8.4 of the APA attributable to each dealership.

**Response:**

Defendant objects to the foregoing request as it assumes the parties to the APA had previously agreed to the above matters as requested. As the parties never agreed to the same pursuant to the APA, and only attempted an allocation of the Audi Business once requested (see Complaint, ¶ 25) Defendant cannot answer the foregoing request. However, in an attempt to provide the information requested of Defendant in connection with this request, Defendant has prepared a chart seeking the above information. The chart further assumes that Audi will be relocated to the proposed relocation along with facilities costs, an assumption which was not made in the November 17, 2016 letter from Defendant's counsel to Audi. The chart has not been negotiated or agreed to by the prospective buyer.

While the Audi business is not part of the APA as currently constituted, pricing with respect to the Audi business is included in the chart.

By way of further response, there is no response which can be given with respect to c(iv), as those rights have been waived by prospective buyer, as reflected in the response to Request No. 3, which is incorporated herein.

## VERIFICATION

The undersigned understands that the facts set forth in the Interrogatory Requests are true and correct.  The undersigned understands that false statements herein are made subject to the penalties of **18 Pa. C.S.A. §4904**, relating to unsworn falsification to authorities.


DATE: _____1 / 3 0 / 17_____          *Charles M. Phillips*

**Charles Phillips**

**WYOMING VALLEY MOTORS**

| | | |
|---|---|---|
| TOTAL BLUESKY | $ | 17,000,000 |
| TOTAL NEW FACILITY | $ | 26,694,003 |
| TOTAL FFE AT NEW FACILITY (est.) | $ | 3,500,000 |
| TOTAL LARKSVILLE FACILITY UPGRADE | $ | - |
| TOTAL LARKSVILLE FFE UPGRADE | $ | 900,000 |
| LARKVILLE FACILITY PURCHASE | $ | 5,000,000 |
| BODY SHOP FACILITY PURCHASE | $ | 800,000 |
| | $ | 53,894,003 |

## NEW CAMPUS in PLAINS, PA

### BMW

| | | | | |
|---|---|---|---|---|
| Bluesky | $ | 4,000,000 | | |
| Facility | | | | |
| Base Showroom from Phase 1 | $ | 2,179,022 | | |
| Ancillary costs from Phase 1 | $ | 811,064 | (a) | |
| Shared Service | $ | 2,635,617 | (i) | |
| Site Dev & Land | $ | 1,166,502 | (d) | |
| Total Facility | $ | 6,792,205 | $ 45,281 | 8% Monthly rent factor |
| FFE (showroom & service) (est) | $ | 900,000 | | |
| TOTAL | | | $ 11,692,205 | |

### Subaru

| | | | | |
|---|---|---|---|---|
| Bluesky | $ | 3,500,000 | | |
| Facility | | | | |
| Base Showroom from Phase 1 | $ | 2,003,167 | | |
| Ancillary costs from Phase 1 | $ | 811,064 | (b) | |
| Shared Service | $ | 2,715,484 | (j) | |
| Site Dev & Land | $ | 1,166,502 | (e) | |
| Total Facility | $ | 6,696,217 | $ 44,641 | 8% Monthly rent factor |
| FFE (showroom & service) (est) | $ | 800,000 | | |
| TOTAL | | | $ 10,996,217 | |

### Audi

| | | | | |
|---|---|---|---|---|
| Bluesky | $ | 4,000,000 | | |
| Facility | | | | |
| Base Showroom from Phase 2 | $ | 3,322,378 | | |
| 50% Ancillary Costs from Phase 2 | $ | 889,032 | | |
| Shared Service | $ | 2,635,617 | (k) | |
| Site Dev & Land | $ | 1,399,802 | (g) | |
| Total Facility | $ | 8,246,829 | $ 54,979 | 8% Monthly rent factor |
| FFE (showroom & service) (est) | $ | 900,000 | | |
| TOTAL | | | $ 13,146,829 | |

### Porsche

| | | | | |
|---|---|---|---|---|
| Bluesky | $ | 2,000,000 | | |
| Facility | | | | |
| Base Showroom from Phase 2 | $ | 2,903,219 | | |
| 50% Ancillary Costs from Phase 2 | $ | 889,032 | | |
| Dedicated Service | included in bldg | | | |
| Site Dev & Land | $ | 1,166,502 | (h) | |
| | $ | 4,958,753 | $ 33,058 | 8% Monthly rent factor |
| FFE (showroom & service) (est) | $ | 900,000 | | |
| TOTAL | | | $ 7,858,753 | |

## LARKSVILLE CAMPUS in LARKSVILLE, PA

### VW

| | | | | |
|---|---|---|---|---|
| Bluesky | $ | 2,500,000 | | |
| Facility | | | | |
| Base Cost at Larksville | $ | 2,500,000 | (l) | $17,500 / mo Rent |
| Showroom Upgrade - TBD | $ | - | (o) | not incl upgrades |
| Total Facility | $ | 2,500,000 | | |
| New FFE (est) | $ | 400,000 | | |
| TOTAL | | | $ 5,400,000 | |

### KIA

| | | | |
|---|---|---|---|
| Bluesky | $ | 500,000 | |
| Facility | | | |
| Base Cost at Larksville | $ | 1,500,000 | (m) |
| Showroom Upgrade - TBD | $ | - | (p) |
| Total Facility | $ | 1,500,000 | |
| New FFE (est) | $ | 250,000 | |
| TOTAL | | | $ 2,250,000 |

### Mazda

| | | | |
|---|---|---|---|
| Bluesky | $ | 500,000 | |
| Facility | | | |
| Base Cost at Larksville | $ | 1,000,000 | (n) |
| Showroom Upgrade - TBD | $ | - | (q) |
| Total Facility | $ | 1,000,000 | |
| New FFE (est) | $ | 250,000 | |
| TOTAL | | | $ 1,750,000 |

### Phase 1 excluding base building costs and site work

| | | | |
|---|---|---|---|
| General Conditions | $ | 188,790 | |
| Construction Staffing | $ | 424,680 | |
| Construction Req | $ | 748,601 | |
| Contingency | $ | 700,000 | |
| Soft Costs | $ | 641,475 | |
| | $ | 2,703,546 | |
| Allocated to first 3 buildings: | | | |
| BMW | 30% | $ 811,063.80 | (a) |
| Subaru | 30% | $ 811,063.80 | (b) |
| Service | 60% | $ 1,622,127.60 | (c) |

### Site Work

| | | | |
|---|---|---|---|
| Site Work | $ | 3,826,677 | |
| Land Cost | $ | 3,300,000 | |
| WVM Costs (engineering etc) | $ | 650,000 | |
| | $ | 7,776,677 | |
| Allocated to all 5 buildings: | | | |
| BMW | 15% | $ 1,166,502 | (d) |
| Subaru | 15% | $ 1,166,502 | (e) |
| Service | 37% | $ 2,877,370 | (f) |
| Audi | 18% | $ 1,399,802 | (g) |
| Porsche | 15% | $ 1,166,502 | (h) |

### Service Building base cost

| | | | |
|---|---|---|---|
| Service Building base cost | $ | 4,948,721 | |
| Ancillary Phase 1 cost from above | $ | 1,622,127.60 | (c) |
| Site work allocation from above | $ | 1,415,870 | (f) |
| | $ | 7,986,719 | |
| Allocated to all 3 buildings: | | | |
| BMW | 33% | $ 2,635,617 | (i) |
| Subaru | 34% | $ 2,715,484 | (j) |
| Audi | 33% | $ 2,635,617 | (k) |

### Larksville Purchase Price

| | | | |
|---|---|---|---|
| Larksville Purchase Price | $ | 5,000,000 | |
| Allocated to 3 remaining brands | | | |
| VW | 50% | $ 2,500,000 | (l) |
| KIA | 30% | $ 1,500,000 | (m) |
| Mazda | 20% | $ 1,000,000 | (n) |

### Larksville Upgrade Budget

| | | | |
|---|---|---|---|
| Larksville Upgrade Budget | $ | | |
| Allocated to 3 remaining brands | | | |
| VW | 40% | $ - | (o) |
| KIA | 30% | $ - | (p) |
| Mazda | 30% | $ - | (q) |

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUDI OF AMERICA, INC.,
An Operating Unit of Volkswagen
Group of America, Inc.,

               Plaintiff,

               v.

BRONSBERG & HUGHES
PONTIAC, INC., d/b/a WYOMING
VALLEY AUDI,

               Defendant.

Case No. 3:16-cv-2470

Judge John E. Jones III

## SUPPLEMENTAL RESPONSE TO PLAINTIFF AUDI OF AMERICA INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), and subject to the objections set forth in Defendant's Responses to Audi of America, Inc.'s Requests for Interrogatory Responses, defendant Bronsberg & Hughes Pontiac, Inc., d/b/a Wyoming Valley Audi ("Wyoming Valley"), hereby supplements those Responses as they relate to Request No. 6 of Plaintiff Audi of America, Inc.'s First Set of Interrogatories to Defendant Bronsberg & Hughes Pontiac, Inc., as follows:

Section 4 of the APA gave the "Buyers" an opportunity to conduct due diligence following the execution of the APA. In accordance with that provision, shortly after the APA was executed in July 2016, representatives of the Buyers conducted due diligence at the dealerships owned by Wyoming Valley and its affiliates.

Some weeks later, there were discussions between the Wyoming Valley side and the Napleton side in which the Napleton side raised concerns about the results

**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**

of that due diligence. The discussions took place primarily between Wyoming Valley's broker (Rob Lee of the Tim Lamb Group) and Bruce Etheridge of Napleton. To the best of the undersigned's recollection, the discussions occurred in approximately October 2017. During those discussions, to resolve Napleton's concerns, a preliminary, oral understanding was reached that the total consideration to the "Sellers" under the APA would be adjusted downward by $1.25 million at the closing. This downward adjustment was discussed as a global figure not specific to any dealership or real property.

Subsequent to the discussions described in the preceding paragraph, there were no further discussions between the parties to the APA concerning the downward adjustment, which was not documented. In a January 11, 2017 email to the Sellers' counsel, Charles Phillips referenced those earlier discussions in expressing the Sellers' position that the parties should "forget about that $1.25 mil[lion] verbal downward adjustment on the whole deal that we agreed to prior." To the best of the undersigned's recollection, there were no further negotiations between the parties to the APA regarding the downward adjustment or the position expressed in the January 11 email.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2017.

_____
Charles Phillips

**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**

AS TO OBJECTIONS:


By:   /s/ Dylan Smith


Charles O. Beckley, II
John G. Milakovic
BECKLEY & MADDEN, LLC
212 North Third Street
P.O. Box 11998
Harrisburg, Pennsylvania 17108
(717) 233-7691

David C. Gustman (*pro hac vice* )
Jill C. Anderson (*pro hac vice*)
Dylan Smith (*pro hac vice*)
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
(312) 360-6000

Dennis M. George
Jeffrey M. Scafaria
Nicholas D. George
ARANGIO & GEORGE, LLP
2000 Market Street
Suite 1440
Philadelphia, Pennsylvania 19103
(215) 567-1999

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on May 12, 2017, he caused a true and correct copy of the foregoing to be served by email on all counsel of record.

<u>/s/ Dylan Smith</u>

**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**