# BARACK FERRAZZANO
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Owen H. Smith  |  T. 312.629.5125  |  owen.smith@bfkn.com

November 22, 2017

**VIA CM/ECF**

Hon. Martin C. Carlson
Chief Magistrate Judge
United States District Court for the
Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

    Re:    **_Audi of America, Inc. v. Bronsberg & Hughes Pontiac Inc._**
             **_(16-CV-2470)_**

Dear Judge Carlson:

    I write on behalf of Plaintiff Audi of America, Inc. ("AoA") to request a conference with the Court to address a discovery dispute in the above-referenced action.

    A discovery dispute has arisen regarding notices of deposition served by AoA. Defendants have objected to the deposition notices pursuant to F.R.C.P. 30(a)(2)(A)(i) and (ii) on the grounds that: (1) AoA's requested depositions will exceed the 10 deposition limit; and (2) that AoA has noticed the second depositions of several key witnesses.

    To date, AoA has taken eight depositions. AoA took all of these previous depositions, however, solely in preparation for the evidentiary hearing on AoA's Motion to Extend Preliminary Injunction, under an expedited pre-hearing schedule and focused on the relatively limited scope of issues before the Court on the motion. Since those depositions were concluded, new counterclaims have been filed, new parties have been added, additional documents have been (and are being) produced, and Defendants have continued to negotiate toward the sale of the non-Audi/Volkswagen dealerships.

**BARACK FERRAZZANO**
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 2

Thus, AoA has recently noticed additional depositions, not to re-plow old ground, but to take merits discovery on matters that were not the subject of previous discovery, and on new developments relating to the core issues in this case. The Court should allow the depositions to proceed on topics that either (i) were not covered with particular witnesses during the initial round of depositions, or (ii) were covered in part during the initial depositions, but which have been the subject of new developments (such as Defendants' ongoing negotiations) or new discovery disclosures.

With these limitations in mind, AoA has served notices to take the second deposition of the following parties and individuals:

1. 30(b)(6) deposition of Wyoming Valley;

2. 30(b)(6) deposition of Napleton;

3. Edward Napleton;

4. Bruce Etheridge;

5. Steven Ubaldini; and

6. Charles Phillips.

AoA also has served notices of deposition or subpoenas to take for the first time the depositions of the following entities and individuals:

1. 30(b)(6) of Sordoni Construction Services, Inc., the general contractor for Wyoming Valley and Napleton, who has been building the new facilities at the Relocation Property;

2. Ken Stevens, CFO for Napleton who has not yet been deposed in this case; and

3. David Englen, colleague of Mr. Edward Napleton who works in the motor vehicle/dealership area; during his deposition, Mr. Napleton described conversations with Mr. Englen about the transaction in this case and other relevant issues.

2

**BARACK FERRAZZANO**
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 3

Wyoming Valley and Napleton objected to any depositions that exceeded the 10 deposition limit imposed under F.R.C.P. 30 and also objected to the notices seeking the second deposition of parties and individuals.

During the parties' meet-and-confer regarding Wyoming Valley's and Napleton's objections to the depositions, Defendants offered to allow AoA to take the two 30(b)(6) depositions of Defendants for only two hours each and refused to stipulate that AoA could take any of the individual or third party depositions. In response, AoA offered to limit the time for each of the depositions as follows: (1) a 5-hour limit for each of the Wyoming Valley and Napleton 30(b)(6) depositions; (2) a 5-hour limit for depositions of those individuals who have not previously been deposed; and (3) a 3-hour limit for depositions of those individuals who previously have been deposed. In addition, with respect to those witnesses that AoA has previously deposed (including 30(b)(6) witnesses), AoA agreed to limit the scope of each witness's deposition to (i) subject matter that was not covered in the witness's previous deposition, and (ii) new facts, events, and discovery concerning previously covered subject matter—*i.e.*, events that occurred or information that was disclosed after the first depositions.

In the interim, Napleton served on AoA notice for a second 30(b)(6) deposition, even though Napleton participated in and questioned AoA during the first Rule 30(b)(6) deposition. AoA has objected to the second deposition notice, but as part of the meet-and-confer process offered to produce its 30(b)(6) witness on the same terms described above, assuming Napleton and Wyoming Valley agreed to those terms.

Defendants' final offer was to allow AoA to take the two 30(b)(6) depositions of Defendants for 3.5 hours each, along with a second 30(b)(6) deposition of AoA, also limited to 3.5 hours. Defendants, however, refused to stipulate that AoA could take any of the individual or third party depositions. Ultimately, the parties could not reach agreement regarding AoA's notices of deposition and subpoenas.

## BACKGROUND

Almost a year ago, during the parties' first telephone conference with the Court on December 21, 2016, the Court directed counsel for the parties "to conduct targeted discovery to evaluate the 'First Addendum' to the APA submitted by Wyoming Valley." (Doc. 22 at 2.) At that time, the Court had granted AoA's Motion

3

**BARACK FERRAZZANO**
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 4

for Temporary Restraining Order, and the parties were conducting discovery solely regarding issues that would be raised in an evidentiary hearing on AoA's request to convert the TRO to a preliminary injunction.

In compliance with the Court's direction, AoA issued limited interrogatories and document requests on December 28, 2016 and January 19, 2017. This discovery was focused on the First Addendum and the question of how the APA's price might be allocated between the seven Wyoming Valley dealerships. When this discovery was served, Wyoming Valley had not filed a counterclaim and Napleton had not yet sought leave to intervene in the case.

As targeted discovery continued during the spring, the Court entered an order scheduling a preliminary injunction hearing for June 28, 2017. In that April 26 Order, the Court again instructed the parties "to use the time in the interim to continue to conduct efficient and **focused** discovery." (Doc. 147 at 1.) The Court further required that all discovery "relevant to the hearing . . . be completed by the parties prior to June 28, 2017, in order to streamline the proceedings before this Court." (*Id.* at 2.) At this time, only AoA's request for an extension of the preliminary injunction was at issue, and Wyoming Valley and Napleton were months away from filing their counterclaims.

In denying Wyoming Valley's Motion to Dismiss in May, the Court made clear that the issues to be addressed at the preliminary injunction hearing were: (1) evidence that Wyoming Valley and Napleton did not really intend to exclude the Wyoming Valley Audi assets from the transaction; and (2) whether AoA had an irrevocable option. (Doc. 176 at 28.)

In preparation for the evidentiary hearing, AoA took eight depositions – two 30(b)(6) depositions and six individual depositions. (A list of the eight deponents is attached as **Exhibit A**.) Given the scope of the preliminary injunction hearing, the depositions focused on facts regarding the APA and its modification as well as the parties' plans to close the remainder of the APA transaction.

Since the June 29 hearing, there have been various developments in the case about which AoA could not have taken discovery, or about which AoA did not take discovery due to the relatively limited scope of the preliminary injunction hearing. For example:

BARACK FERRAZZANO
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 5

- The parties reached an agreement on June 28, 2017, memorialized in the Court's June 29, 2017 Order, that altered the posture of the case.

- Napleton filed a new eight-count counterclaim and added four new defendant-counterclaimants.[1] These counterclaims center on Napleton's allegation that it is an "objectively qualified candidate" to become the successor dealer for the Wyoming Valley Audi dealership and that AoA's conduct in not approving the APA or Napleton is in bad faith. These claims introduce into the case, for the first time, the performance of Napleton's dealerships and its qualifications as a dealer.

- Wyoming Valley asserts two causes of action in its counterclaim, which were not at issue in the preliminary injunction hearing. These counterclaims were filed approximately one week before the depositions of Wyoming Valley's witnesses. Therefore, no written discovery was taken on those claims until after the June 28 hearing, and understandably, the counterclaims were not addressed during the depositions.

- In recent discovery responses, both Napleton and Wyoming Valley have disclosed various damages theories on their counterclaims. These damages theories were not disclosed before to the first round of depositions.

- On July 11, 2017, Napleton and Wyoming Valley entered into a new lease, under which the Wyoming Valley Audi Dealership would relocate to the Relocation Property. This lease became the subject of the Court's preliminary injunction order that Defendants appealed to the Third Circuit.

- Wyoming Valley and Napleton continued to negotiate the terms for the sale of Wyoming Valley's five remaining dealerships. These negotiations culminated in a Second Addendum, fully executed on November 16, 2017, in through which Napleton imposes new limitations on the sale of Wyoming Valley's Audi and Volkswagen dealerships.

AoA has not had an opportunity to depose any witness regarding these issues and others that will be the subject of the upcoming trial.

---

[1] The Court dismissed one count, Count VIII, on November 20, 2017. (Doc. 322.)

**BARACK FERRAZZANO**
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 6

## ANALYSIS

AoA noticed the disputed depositions to take discovery regarding the additional claims and parties that have been added to the case since the first round of depositions was completed, as well as to discover new facts regarding the ongoing negotiations (and now the terms of the Second Addendum) regarding the potential sale of the non-Audi/Volkswagen dealerships. Wyoming Valley and Napleton have refused to stipulate to the taking of these depositions.

Rule 30 of the Federal Rules of Civil Procedure requires in relevant part:

(2) **With Leave.** A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

(A) if the parties have not stipulated to the deposition and:

> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
>
> (ii) the deponent has already been deposed in the case; or
>
> (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.

Fed. R. Civ. P. 30(a)(2)(A). Courts, however, have recognized that good cause exists to allow a party to take a second deposition of a witness when the first deposition was taken in preparation for an injunction hearing and/or when new claims or issues have been injected into the case since the initial depositions were taken. *See York Group, Inc. v. Pontone*, 2012 WL 12895759 (W.D. Pa. June 15, 2012) (good cause existed to allow second and third depositions of witnesses where only substantive depositions of witnesses had been taken in limited context of preparation for preliminary injunction hearing and before amended complaint stating additional claims had been filed); *Christy v. Pa. Turnpike Com'n*, 160 F.R.D. 51 (1995) (second deposition of plaintiff allowed where plaintiff filed amended complaint adding defendants and additional claims after first deposition was taken).

**BARACK FERRAZZANO**
Barack Ferrazzano Kirschbaum & Nagelberg LLP

Honorable Martin C. Carlson
November 22, 2017
Page 7

Here, the addition of parties and claims to the case, the continuing negotiations regarding the central issue in the case (*i.e.*, the sale of the Wyoming Valley dealerships), the complexity of the factual and legal issues, and the large number of potential witnesses warrants the Court allowing AoA to take the additional depositions and to exceed the 10 deposition per side limit.[2] *See L.W. v. Lackawanna County, Pa.*, 2015 WL 2384229, at *1 (M.D.Pa. 2015) (allowing twenty-two additional depositions where moving party showed additional deponents likely had relevant information).

Moreover, by serving a second Rule 30(b)(6) notice on AoA, Napleton has stipulated to the taking of additional depositions. *See Polycarpe v. E & S Landscaping Service, Inc.*, 275 F.R.D. 700 (2011) (where plaintiffs and defendants both served notices to take second round of depositions, court found that parties had stipulated to further depositions).

## CONCLUSION

Accordingly, the Court should allow AoA to take the additional depositions identified in this letter. AoA requests that the Court convene a conference to discuss this dispute and grant AoA leave to file a motion regarding additional depositions.

Sincerely,

Owen H. Smith

cc:   All Counsel of Record

---

[2] Indeed, in its Rule 26(a)(1)(A) Disclosures, Napleton alone identifies more than *30 witnesses* purportedly with knowledge of matters relevant to the case – far more than the number of depositions AoA seeks to take.

# EXHIBIT A

**AoA's Prior Depositions**

1. 30(b)(6) deposition of Wyoming Valley
2. 30(b)(6) deposition of Napleton
3. Edward Napleton
4. Bruce Etheridge, Napleton's COO
5. Les Stracher, Napleton's in-house counsel
6. Steven Ubaldini, Wyoming Valley principal
7. Charles Phillips, Wyoming Valley principal
8. Jerry Morrow, employee of BMW Financial Services