# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUDI OF AMERICA, INC., an organizational unit of VOLKSWAGEN GROUP OF AMERICA, INC., | Case No. 3:16-cv-02470 |
| | Judge John E. Jones, III |
| Counterclaim-Defendant, | |
| v. | |
| BRONSBERG & HUGHES PONTIAC, INC., d/b/a WYOMING VALLEY AUDI, | |
| Counterclaim-Plaintiff, | |
| and | |
| NORTH AMERICAN AUTOMOTIVE SERVICES, INC.; NAPLETON WYOMING VALLEY IMPORTS, LLC; MILLENNIUM HOLDINGS, IV; NAPLETON INVESTMENT PARTNERS, LP; and EFN WYOMING VALLEY PROPERTIES, LLC, | |
| Intervenor-Counterclaim-Plaintiffs. | |

## COUNTERCLAIM PLAINTIFFS' JOINT PRETRIAL MEMORANDUM

**FREEBORN & PETERS LLP**
311 South Wacker Drive, Suite 3000
Chicago, IL 60606
Phone: (312) 360-6000

**ARENT FOX LLP**
1675 Broadway
New York, NY 10019-5874
Phone: (212) 484-3900

**BECKLEY & MADDEN, LLC**
212 North Third Street
P.O. Box 11998
Harrisburg, PA 17108
Phone: (717) 233-7691

**METTE, EVANS & WOODSIDE**
3401 North Front Street
Harrisburg, PA 17110-0950
Phone: (717) 232-5000

**Date conference was held by counsel:**

In accordance with Local Rule 16.3, a pretrial conference of attorneys was held on February 12, 2018.

**A.     Brief statement as to federal court jurisdiction.**

The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a), in that: (1) the Counterclaim-Plaintiffs are diverse from Counterclaim-Defendant Volkswagen Group of America, Inc. ("Volkswagen Group"), which includes unincorporated divisions Audi of America, Inc. (the "Audi Division") and Volkswagen of America, Inc. (the "Volkswagen Division"); and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.     A summary statement of facts and contentions as to liability.**

For a more complete factual recitation, Wyoming Valley and Napleton respectfully refer the Court to their briefs in opposition to Volkswagen Group's motions for summary judgment on their respective counterclaims.

In summary, Wyoming Valley and affiliated companies owned and operated seven car dealership franchises in Kingston and Larksville, Pennsylvania, including an Audi dealership. The Audi dealership is subject to a Dealer Agreement with the Audi Division.

In November 2015, Wyoming Valley's shareholders paid approximately $3.3 million to purchase real estate in Wilkes-Barre (the "Relocation Property") to

serve as the future location of its BMW, Porsche, Audi, and Subaru franchises. At the time, Wyoming Valley knew that it needed to begin the process of upgrading to an exclusive Audi facility by August 2017, when the dealership's "grandfather" period expired under Audi Division's facility requirements. Failure to do so would cost Wyoming Valley facility-related bonus payments critical to the dealership's financial viability.

In early 2016, Wyoming Valley advised the Audi Division of its intention to construct an exclusive, Audi-compliant facility at the Relocation Property. In February 2016, the Audi Division authorized Wyoming Valley to proceed to the design phase for the proposed facility. That authorization triggered the involvement of the Audi Division's outside facility consultants, who oversaw the design and construction of the new facility on the Audi Division's behalf. On July 14, 2016, Wyoming Valley requested formal approval to relocate the Audi dealership (which shared a building in Larksville with Porsche) to the Relocation Property. By letter dated August 12, 2016 and fully executed on September 12, 2016 (the "Relocation Agreement"), the Audi Division conditionally granted Wyoming Valley's relocation request.

As the Court is aware, on July 11, 2016, Wyoming Valley, Napleton, and affiliated parties entered into an Asset and Real Estate Purchase Agreement (the "APA"), which provided for the sale to Napleton affiliates of Wyoming Valley's

seven dealerships and certain related real estate. On September 14, 2016, Wyoming Valley submitted the APA to the Audi and Volkswagen Divisions of Volkswagen Group, and to the other relevant manufacturers.

The evidence at trial will show that, within days after receiving the APA, the Volkswagen Group determined that it would not permit the sale of Wyoming Valley's Audi and Volkswagen franchises to Napleton. The evidence will also show that the Volkswagen Group sought retribution against Napleton based on its pursuit of class-action claims on behalf of Volkswagen dealers arising out of the TDI diesel emissions scandal.

Following submission of the APA, Napleton submitted forms and voluminous information that the Audi Division requested for the ostensible purpose of evaluating Napleton's suitability as a buyer.

Following submission of the APA through mid-December 2016, the Volkswagen Group, on behalf of both its Audi and Volkswagen Divisions, corresponded with Wyoming Valley concerning the APA. In particular, the Volkswagen Group, in separate but nearly identical letters on behalf of its Audi and Volkswagen Divisions, claimed that Wyoming Valley had failed to provide a good-faith apportionment of the Blue Sky value for the Audi and Volkswagen franchises under the APA—an apportionment that had not been negotiated or agreed between Wyoming Valley and Napleton. Volkswagen Group, on behalf of

the Audi Division, demanded that Wyoming Valley either provide what the Audi Division deemed a good-faith apportionment or withdraw the APA. On December 13, 2016, the Volkswagen Group commenced this action with respect to the Audi franchise.

On or about December 20, 2016, Wyoming Valley and Napleton entered into a First Addendum to the APA that carved the Audi dealership out of the transaction, and notified the Volkswagen Group of this fact. But the Volkswagen Group nevertheless declined to dismiss its claims against Wyoming Valley. The Court subsequently entered a TRO and preliminary injunction, as modified by the Court's June 29, 2017 Order, which has now been lifted by virtue of the Court's recent grant of summary judgment dismissing the Volkswagen Group's claims in this action concerning the Audi franchise.

Meanwhile, with the Audi Division's knowledge and participation, construction proceeded apace on the new, exclusive Audi facility at the Relocation Property. On May 22, 2017, more than eight months after it received the APA, the Audi Division rescinded the Relocation Agreement. At the same time, the Audi Division instructed its facility consultants to continue working on the construction project, and advised Wyoming Valley that it would reconsider the relocation issue if Wyoming Valley's transactions with Napleton were "unwound." In mid-July 2017, after it became clear that this "unwinding" would not happen, and after

construction was virtually complete, the Audi Division instructed its facility consultants not to work or provide further approvals for the project. As a consequence, an all-but-completed, image-compliant, exclusive dealership facility, built to the Audi Division's exacting specifications, now sits vacant at the Relocation Property. Wyoming Valley's Audi dealership remains in limbo at the less desirable Larksville location, where it now shares a building with Wyoming Valley's Kia franchise.

Based on the above, Wyoming Valley has asserted a counterclaim against Volkswagen Group for violation of the Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221, *et seq.*, and a counterclaim for breach of the Audi Dealer Agreement. Wyoming Valley seeks actual and treble damages as described below, interest as allowable by law, the costs incurred in this action, including attorneys' fees, and such other relief as the Court deems just and proper.

Based on the above and previous rulings by the Court, the Napleton Counterclaim-Plaintiffs will pursue their remaining counterclaims against Volkswagen Group for violations of Sections 12(b)(3), 12(b)(5) and 16 of the Pennsylvania Board of Motor Vehicles Act (First, Second and Seventh Causes of Action)[1]; tortious interference with contract (Third, Fifth, and Sixth Causes of Action); and tortious interference with prospective contractual relations (Fourth

---

[1] Based on the Court's February 16, 2018 Memorandum & Order (Doc. 479), Napleton may elect not to pursue these statutory claims at trial.

Cause of Action). The Napleton Counterclaim-Plaintiffs seek damages as described below, interest as allowable by law, exemplary and punitive damages, and the costs incurred in this action, including attorneys' fees, and such other relief as the Court deems just and proper.

**C.     A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3.**

In light of the Court's summary judgment ruling this past Friday, the parties are continuing to work toward an agreement on undisputed facts.

**D.     A brief description of damages.**

The damages sought by Wyoming Valley and Napleton are set forth in the Amended and Supplemental Exert Report of Todd Berko, MBA. (*See* Doc. 411, Ex. C, filed under seal.[2]) As summarized in paragraphs 14 through 20 of that report, those damages fall into the following categories:

Counterclaim-Plaintiff Millennium Holdings IV, LLC ("MH4"), or its successor, has been damaged for lost rent, taxes, insurance premiums, and maintenance as a result of Volkswagen Group's wrongful conduct, which has prevented Wyoming Valley Audi from taking occupancy of the Relocation Property.

---

[2] Given the commercially sensitive nature of the information, this memorandum does not include the actual damages figures provided in Mr. Berko's report. That said, Wyoming Valley and Napleton of course understand that such information necessarily will become public at trial.

Counterclaim-Plaintiff NAAS has been damaged in an amount equal to its lost benefit of the bargain, in terms of blue sky value, that it was entitled to receive under the APA for the seven franchises as originally executed by the parties. NAAS would not have carved the Audi and Volkswagen franchises out of the original deal but for Volkswagen Group's wrongful conduct, which threatened NAAS's ability to close on the non-Audi and non-Volkswagen portions of the deal. NAAS has also been damaged by Volkswagen Group's conduct to the extent that NAAS must compensate Wyoming Valley for any diminished value of the Audi and Volkswagen franchises.

Counterclaim-Plaintiff Napleton Wyoming Valley Imports, LLC ("NWVI") has been damaged in an amount equal to the lost net profits that it would have realized if it the parties to the APA were able to close on all seven franchises as originally contemplated by the parties, but for Volkswagen Group's tortious interference with their transactions.

Wyoming Valley has been damaged by the inability to move the Audi dealership to the Relocation Property, in the form of operating inefficiencies, increased expenses, and the loss of profit opportunities for Wyoming Valley.

Wyoming Valley Audi will suffer lost enterprise value to the extent it is not permitted to relocate to the Relocation Property as a result of Volkswagen Group's wrongful conduct.

**E.** **Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.**

FACT WITNESSES

1.   Edward F. Napleton, One Oakbrook Terrace, Suite 600, Oakbrook Terrace, IL 60181.

2.   Bruce Etheridge, One Oakbrook Terrace, Suite 600, Oakbrook Terrace, IL 60181.

3.   Les Stracher, One Oakbrook Terrace, Suite 600, Oakbrook Terrace, IL 60181.

4.   Steve Ubaldini, 126 Narrows Road, Route 11, Larksville, PA 18651.

5.   Charles Phillips, 126 Narrows Road, Route 11, Larksville, PA 18651.

6.   Cosmo Lovecchio, Hemmler + Camayd Architects, Oppenheim Building, 409 Lackawanna Ave., Suite 400, Scranton, PA 18503.

7.   Jennifer Davis, Sordoni Construction Services, Inc., 45 Owen Street, Forty Fort, PA 18704.

8.   Michael Brairton, 300 Tice Boulevard, Woodcliff Lake, NJ 07677.

9.   Jun Watanabe, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

10.   Allison James, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

11.   Anita Salomon, 300 Tice Boulevard, Woodcliff Lake, NJ 07677.

12.   Michael Dwyer, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

13.   Jeff Tolerico, 300 Tice Boulevard, Woodcliff Lake, NJ 07677.

14.   Paul Ritsema, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

15.   Mark Barnes, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

16.   Brian Kelly, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

17.   Mark McNabb, 2200 Ferdinand Porsche Drive, Herndon, VA 20171.

## EXPERT WITNESSES

1.   Todd Berko, Bel Air Partners, 578 Province Road, Hopewell, NJ 08525.  Expert in financial analysis and the valuation of franchised motor vehicle dealerships.

**F.    Summary of testimony of each expert witness.**

Todd Berko will testify as to the bases for the calculations of damages and loss in value sustained by Counterclaim-Plaintiffs, as summarized above.

**G.    Special comments about pleadings and discovery, including depositions.**
None.

**H.    A summary of legal issues involved and legal authorities relied upon.**

As set forth in Wyoming Valley's and Napleton's respective briefs in opposition to Volkswagen Group's motions for summary judgment on their counterclaims, based on the applicable law and the evidence adduced in discovery, the counterclaims present questions of fact for the jury. In summary, those fact questions are as follows:

Whether Volkswagen Group's conduct toward Wyoming Valley Audi was in bad faith, in violation of the Automobile Dealers' Day in Court Act, 15 U.S.C. §§ 1221, et seq.

Whether Volkswagen Group breached the Audi Dealer Agreement with Wyoming Valley.

Whether Volkswagen Group has violated 63 P.S. § 818.12, causing damage to the Napleton Counterclaim-Plaintiffs[3].

Whether Volkswagen Group has violated 63 P.S. § 818.16, causing damage to the Napleton Counterclaim-Plaintiffs. [4]

Whether Volkswagen Group has tortiously interfered with the Napleton Counterclaim-Plaintiffs existing contracts and prospective contractual relations. *See Advanced Fluid Sys., Inc. v. Huber*, 28 F. Supp. 3d 306, 336 (M.D. Pa. 2014).

**I.    Stipulations desired.**

None at this time.

**J.    Estimated number of trial days.**

Approximately 7.

**K.    Any other matter pertinent to the case to be tried.**

Four motions *in limine* are pending before the Court: (i) Volkswagen Group's motion to exclude certain evidence and argument concerning TDI (Doc. 406); (ii) Volkswagen Group's motion to exclude certain opinions offered by counterclaim-plaintiffs' damages expert (Doc. 410); (iii) Napleton's motion to exclude testimony by Audi's proffered expert Joshua T. Brady (Doc. 413); and (iv) Napleton's motion to exclude certain evidence and argument, namely (a) evidence or argument that Napleton's 1031 tax deferment should reduce Audi's

---

[3] As noted above, Napleton may elect not to pursue its statutory claims at trial.

[4] As noted above, Napleton may elect not to pursue its statutory claims at trial.

tort liability, or (b) evidence or argument concerning facts about Napleton of which Audi was unaware when it considered the APA (Doc. 417).

Volkswagen Group identified one expert (Joseph T. Gardemal III) whom it intended to call in support of its affirmative claims, and disclosed his anticipated opinion testimony in an expert report dated January 2, 2018. In light of the Court's summary judgment ruling dismissing Volkswagen Group's claims, the anticipated testimony disclosed in Mr. Gardemal's January 2 report is no longer relevant.

**L.     Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.**

*See* Exhibit A hereto. The parties are continuing to review their respective exhibit lists and intend to confer by February 26, 2018, for the purpose of identifying and resolving objections, to the greatest extent possible, in advance of trial.

**M.     Append any special verdict questions which counsel desires to submit.**

None.

**N.     Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.**

Counsel for Counterclaim-Plaintiffs have each notified the person with settlement authority on behalf of their respective clients of the requirements of and possible sanctions under Local Rule 16.2.

**O.    Certificate must be filed under Local Rule 30.10 that counsel have met and reviewed the depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.**

Counsel for the parties conferred on February 12, 2018 and agreed that they will exchange deposition designations (including videotaped depositions) on February 23, and exchange counter-designations on March 2, and will work together thereafter in good faith to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact. Counsel for Counterclaim-Plaintiffs will jointly file the certificate required by Local Rule 30.10 with respect to any oral or videotape deposition that they intend to introduce at trial in advance of the trial.

**P.    In all trials without a jury, requests for findings of both fact and law shall be submitted with this memorandum as required under Local Rule 48.2.**

Not applicable.

Dated:  February 19, 2018

Respectfully submitted,

By: /s/ James M. Westerlind                           By: /s/ Dylan Smith
      Russell P. McRory                         David C. Gustman
      James M. Westerlind                  Jill C. Anderson
      Michael P. McMahan                Dylan Smith
      Thomas Norton                        Kirk Watkins
      ARENT FOX LLP                  FREEBORN & PETERS LLP
      1675 Broadway                      311 S. Wacker Drive
      New York, NY 10019                Suite 3000
      (212) 484-3900                     Chicago, IL 60606
                                       (312) 360-6000

      *Attorneys for Napleton*
      *Counterclaim-Plaintiffs*              *Attorneys for Wyoming Valley*
                                       *Counterclaim-Plaintiff*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 19, 2018, he caused a true and correct copy of the foregoing document to be filed via the Court's Electronic Case Filing (ECF) system and thereby served on counsel of record.

/s/ Dylan Smith